IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, R02343, | ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 21-cv-1174-DWD |
| KIM BUTLER. | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff James E. Walker, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Sheridan Correctional Center (Sheridan), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard). (Doc. 2). The claims in this case were severed from *Walker v. Butler, et al.*, 19-cv-445-SPM (S.D. Ill. 2019). In this severed case, Plaintiff contends that Butler violated his rights by denying him soap, and that the denial constituted retaliation.

Plaintiff's Complaint (Doc. 2) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture,

the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The claims that were severed into this case are:

**Claim 13:** First Amendment claim of retaliation against Butler for refusing to provide Walker adequate soap in retaliation for Walker complaining about his lack of soap in front of a visitor from the John Howard Association in 2015;

**Claim 14:** Eighth Amendment claim for cruel and unusual punishment against Butler for denying Plaintiff soap for several weeks in 2015;

*Walker v. Butler, et al.*, 19-cv-445-SPM (Doc. 102).

Plaintiff's factual allegations pertaining to these claims are contained in a single paragraph. Plaintiff alleges:

> In November of 2015, Plaintiff grievance his missing grievances personally placed in the grievance box on September 27, 2015, concerning the Warden failure to supply adequate soap that would last a month. Which Plaintiff had spoke with Defendant Butler face to face while she walked with visitor from John Howard Association through three gallery. Plaintiff informed Defendant Butler how he has continue to go without soap for weeks. Butler told Plaintiff that it would take some time but she would speak with cellhouse officials because it was soap. Plaintiff ask the warden what is he to do in between the times go without soap but that went ignored. A few months later Plaintiff saw cellhouse officers given inmate worker the soap that he has complain about in numerous grievances. Upon information and belief, Defendant Wood would not respond to Plaintiff grievance out of retaliation because it was against staff. And Defendant Butler did not supply Plaintiff adequate soap because he confronted her in front of John Howard and for Plaintiff repeated grievances in apparent retaliation. Plaintiff grievance for the second time by John Doe 6 been taken out of retaliation because he is responsible for taking the grievances from the box and transferring the grievances to the counselor office, thus, denying Plaintiff proper access to the grievance procedure.

(Doc. 2 at 24). In support of the complaint, Plaintiff included nearly 300-pages of exhibits. Within the exhibits, there are grievances dated November 8, 2015, and November 22, 2015, concerning the soap issue. (Doc. 2-2 at 47-50). There is also an ARB response dated December 11, 2015, returning an appeal of these grievances because it did not include copies of the institutional responses from the counselor, grievance officer, or chief administrative officer. (Doc. 2-2 at 46). The grievances shed light on Plaintiff's complaints about soap and Butler's role in the issue.

In the November 8 grievance, Plaintiff alleges that he initially grieved the soap issue on September 21, 2015, alleging that during some dates in September he lacked adequate soap. (Doc. 2-2 49). On October 13, 2015, Plaintiff allegedly spoke with the Warden about the issue when she walked through the gallery, and she apparently told him the "big green state soap" would be issued to the indigent. Plaintiff alleges that on October 20, 2015, he again received "the inadequate two small hotel size soap." On October 23, 2015, he again spoke with the Warden while she was touring the gallery with someone from the John Howard Association. He told her he still had inadequate soap, and she told him "its going to take some time and she would speak with the cellhouse major[.]" Plaintiff asked her what he should do in the interim without soap, to no avail. He alleged in his grievance that the lack of soap was a violation of the Eighth Amendment.

In the November 22 grievance, Plaintiff claimed that hygiene bags were being delivered later and later each month, and that the inadequate soap was an even greater problem because for some period of time laundry machines were out of service, so

inmates had to wash their own clothes. (Doc. 2-2 at 47-48). As an indigent, he alleges he and many others were unable to buy extra soap from commissary to wash their clothes. He claimed he should not be forced to go a week without clean linens or clothes, and that the unsanitary conditions violate the Eighth Amendment.

## Analysis

The claims severed into the present lawsuit are barred by the applicable statute of limitations, and Plaintiff has failed to plead a sufficient claim.

### A. Statute of Limitations

The applicable statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983 is a state's period for personal injury torts. *See Kalimara v. Ill. Dept. of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). In Illinois, where the events in Plaintiff's complaint occurred, that period is two years. *See Woods v. Illinois Dept. of Children and Family Svcs.*, 710 F.3d 762, 765-766 (7th Cir. 2013); 735 ILCS § 5/13-202. Illinois recognizes equitable tolling of the two-year period for an inmate to pursue administrative exhaustion of a claim at the institutional level. *See Terry v. Spencer*, 888 F.3d 890, 894 (7th Cir. 2015). A court may sua sponte dismiss a case at § 1915A review if the applicability of the statute of limitations is "so plain from the language of the complaint…that it renders the suit frivolous." *Id.* at 894; *Dickens v. Illinois*, 753 Fed. App'x 390 (7th Cir. 2018) (a court may dismiss a complaint upon screening if it is clearly barred by the statute of limitations).

This case is procedurally odd. Originally, Plaintiff filed a lawsuit in this district on July 16, 2015. *Walker v. Unknown Party, et al.*, 15-cv-786-MAB (S.D. Ill.). Plaintiff was

twice ordered to file an amended complaint because the original complaint violated Federal Rule of Civil Procedure 20, which guards against the joinder of numerous unrelated claims and parties in a single lawsuit.  (Docs. 7, 11).  On October 22, 2015, a First Amended Complaint was docketed, and on February 26, 2016, a Second Amended Complaint was accepted.  (Docs. 15, 34).  Three claims were allowed to proceed concerning medical care, grievances, and retaliation from 2013-March of 2015.  (Doc. 35).  The case was settled on September 6, 2018.  (Doc. 116).

On April 23, 2019, Magistrate Judge Mark Beatty entered an order noting that at the time the Second Amended Complaint was docketed, the Court had accepted additional proposed complaints which were to be severed into separate cases. (Doc. 126).  The complaints were apparently forgotten.  On April 23, 2019, Magistrate Judge Beatty severed the forgotten complaints into new actions.  One of the severed cases was *Walker v. Butler et al.*, 19-cv-445-SPM (S.D. Ill.).

On May 14, 2019, Plaintiff confirmed his desire to maintain the severed case—*Walker v. Butler*, 19-cv-445.  The complaint that was used to initiate the severed case contained allegations about Plaintiff's ability to file grievances and to access the courts from 2013-December of 2014.  (Doc. 2).  The Court conducted an initial screening of that complaint and dismissed it with leave to amend.  (Doc. 9).  On December 13, 2019, Plaintiff filed an Amended Complaint where he again discussed his access to the institutional grievance procedure, retaliation, and access to the Courts.  (Doc. 22).  Upon initial review, the Court identified 17 distinct claims.  (Doc. 21).  Among those claims, the Court allowed a single claim to proceed against Defendant Butler for allegedly moving

Plaintiff in December of 2014 from East Cell House to North Two Cell house. (Doc. 21; Doc. 22 at 22-23). Plaintiff alleged that Butler organized the move as retaliation for Plaintiff's filing of grievances and because he attempted to get a restraining order against certain employees. (Doc. 22 at 22-23).

On September 17, 2020, Plaintiff filed a motion for leave to file an amended complaint. (Doc. 76). On September 22, 2021, the Court granted leave, reviewed the complaint, and severed the case into additional lawsuits. (Doc. 102). Among the claims severed, were the two in this case concerning Defendant Butler's alleged retaliatory refusal to give Plaintiff soap in the fall of 2015.

Herein lies the problem. Plaintiff did not raise his claims about Defendant Butler's alleged refusal to provide him soap in September-November of 2015 until September 17, 2020. Even allowing Plaintiff a generous amount of time to exhaust administrative remedies, his September 2020 amended complaint was outside of Illinois' two-year statute of limitations application to Section 1983 cases. Having thoroughly reviewed the evolution of Plaintiff's claims from his 2015 lawsuit to present, the Court concludes that the claims severed into this lawsuit are barred by the statute of limitations. Alternatively, even if the claims are somehow related to Plaintiff's earlier complaints such that they would be timely, the claims should still be dismissed as insufficient.

B. **Failure to state a claim**

Prison officials are responsible for providing inmates with the "basic necessities of civilized life." *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989). Hygiene supplies are a part of the basic necessities. *Gray v. Hardy*, 826 F.3d 1000, 1006 (7th Cir. 2016). "Inmates

cannot expect the amenities, conveniences and services of a good hotel; however, the society they once abused is obliged to provide constitutionally adequate confinement." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). Jail conditions may be uncomfortable and harsh without violating the Constitution. *See e.g., Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). The length of the alleged deprivation of a necessary hygiene item is an important factor in determining if a Constitutional violation occurred. *Gray*, 826 F.3d at 1005. Courts have found that the denial of hygiene supplies or access to laundry for up to 32 days did not constitute a violation of the Eighth Amendment. *See Teen v. Pannier*, 2020 WL 6940826 *1, *6 (S.D. Ill. 2020) (finding that the lack of toothpaste or other hygiene supplies for some days over the course of a few weeks did not rise to a constitutional violation); *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (stay in a filthy cell for five days, coupled with ten days without soap, toothpaste, or a toothbrush did not violate the Eighth Amendment); *Smith v. Schwartz*, 2011 WL 2115831 *1, *2 (S.D. Ill. 2011) (finding that plaintiff failed to state a claim under the Eighth Amendment for lack of access to soap, laundry, or showers for 32 days). By contrast, confinement to a cell with a single bar of soap and a travel-sized tube of toothpaste for eight months was found to be an Eighth Amendment claim. *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999). Here, Plaintiff's allegations fall far short of an eight-month deprivation.

Plaintiff alleges that the soap he was provided was inadequate because he was given two hotel-sized bars, rather than one large green bar. His allegations suggest that he was given soap monthly, or perhaps on a bi-weekly basis. As a result, he alleges that he would run out of soap. On at least one occasion, he suggests he ran out of soap or did

not have enough because the laundry facilities were broken so he needed the soap to clean himself and his laundry. He alleges that Defendant Butler told him she would look into the matter on October 13, 2015, but he got two small bars of soap on the October 20, and then on October 23, she again said she would look into the issue. (Doc. 2-2 at 49). On the second occasion, he asked her what he should do if he ran out of soap, but he did not report a response. (Doc. 2-2 at 50). Plaintiff's allegations against Defendant Butler concerning the provision of adequate soap are legally insufficient. He does not allege that he was completely without soap. Perhaps he ran out of soap or did not have as much as he would like for a few weeks at a time, but this does not rise to the level of an Eighth Amendment violation. Even the complete denial of soap, laundry, or showers for 32 days has been found inadequate to state an Eighth Amendment claim. Accordingly, Plaintiff's claim that Butler violated his Eighth Amendment rights via the denial of adequate quantities of soap is not sufficient to state a claim.

A prison official may not retaliate against an inmate for engaging in speech or an activity protected by the First Amendment. "First Amendment retaliation cases require the petitioner to show that the speech or activity was constitutionally protected, a deprivation occurred to deter the protected speech or activity, and the speech or activity was at least a motivating factor in the decision to take retaliatory action." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). The 'motivating factor' amounts to a causal link between the activity and the unlawful retaliation." *Id.* The test of actionable retaliation is usually whether the retaliatory conduct alleged would "deter a person of ordinary

firmness" from the exercise of his First Amendment rights. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Here, Plaintiff alleges that Butler retaliated against him by not providing soap because he complained about the lack of soap in front of a visitor from the John Howard Association. The Court will assume that Plaintiff's speech, a verbal request for soap, was protected. However, Plaintiff has failed to establish the second element—that a deprivation occurred to prevent or deter speech. Plaintiff does not allege an actual deprivation because, as the Court found above, the amount of soap he received did not amount to a constitutional violation. Plaintiff does not allege, for example, that as a result of raising the issues to Butler he went from getting limited soap to no soap. Instead, he simply alleges that he did not get what he asked for, a larger bar of soap. Getting the same soap he previously had, rather than the soap he wanted, was not a deprivation implemented to deter speech. Additionally, there is no evidence that Plaintiff was deterred from filing grievances or raising his concerns with the prison, because he did so before and after the alleged conversations with Butler. There is also no allegation that a person of ordinary firmness would be deterred from making a request for soap. Butler told Plaintiff that it might take a while to fulfill his request, and he continued to make the request. Plaintiff has not pled a sufficient claim for retaliation against Butler. Accordingly, this claim will be dismissed for failure to state a claim.

Although *pro se* litigants are frequently given a chance to file amended pleadings, the Court will not afford such an opportunity in this case. Notably, this case was severed from another case wherein Plaintiff was allowed to amend his complaint on multiple

occasions. *Walker v. Butler, et al.*, 21-cv-445-SPM (Docs. 9, 21, 102). The claims in this case came from Plaintiff's Third Amended Complaint, in the earlier case. Further complicating matters, the earlier case had been severed in 2019 from yet another case. *See Walker v. Unknown Party, et al.*, 15-cv-786-MAB (S.D. Ill. 2019). This is all to say, Plaintiff has been given ample opportunity to raise any and all claims he had about his conditions of confinement at Menard. The Court finds it futile to give Plaintiff a chance to amend two claims that have been severed from numerous other claims, and that are legally insufficient. The Court does not believe that an opportunity to amend in this lawsuit would result in claims that are adequately and sufficiently pled. Accordingly, the Court will now dismiss this Complaint for failure to state a claim.

**IT IS SO ORDERED.**

Dated: March 28, 2022

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge